United States District Court
Northern District of Indiana
Hammond Division

| | | |
|---|---|---|
| ORVILLE D. CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07-CV-073 JVB |
| | ) | |
| THE CITY OF EAST CHICAGO, INDIANA, | ) | |
| a municipal corporation, GEORGE PABEY, | ) | |
| in his official capacity as Mayor, | ) | |
| FRANK RAMIREZ, and RICHARD GOMEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the motion of defendants George Pabey, Frank Ramirez, and Richard Gomez for dismissal of Plaintiff's complaint as to them. For the reasons set forth below, the Motion to Dismiss Plaintiff's Complaint in Part is **GRANTED**. Defendants Pabey, Ramirez, and Gomez are dismissed with prejudice.

**BACKGROUND**

On March 9, 2007, without representation by counsel, Plaintiff Orville D. Carr filed his Complaint against the City of East Chicago, its Mayor, George Pabey, and Frank Ramirez and Richard Gomez.  He claims race discrimination under Title VII of the Civil Rights Act of 1964, as amended (42 U. S. C. § 2000e-5).  On September 17, 2007, all defendants filed their answer. Also on September 17, Defendants Pabey, Ramirez, and Gomez filed a Motion to Dismiss,

alleging that Title VII of the Civil Rights Act of 1984 does not impose liability on supervisory employees. Plaintiff did not file a response to the motion.

## FACTS

The facts as alleged in Plaintiff's Complaint and accompanying documents are: Plaintiff was employed by the City of East Chicago. He was terminated from his job as a distribution maintenance repairman after a disagreement with a coworker, Enrique Santana, a meter repairman. The disagreement arose over the fact that Santana went out on a call after hours, despite the fact that, according to Plaintiff, Santana's job is strictly inside the shop. As a result of the disagreement, Plaintiff was suspended for five days and later terminated, solely because he is black. Plaintiff alleges that he never threatened or touched Santana. He requests reinstatement as well as compensatory and punitive damages. Plaintiff names Defendant Pabey in his capacity as Mayor of the City of East Chicago, but he does not state in his complaint or accompanying documents what roles Defendants Pabey, Ramirez and Gomez played in his termination. He does not, however, allege that they were his employers. Defendants suggest in their Motion to Dismiss that they are supervisory employees of the City of East Chicago.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th

Cir. 1995). In order to prevail, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Doherty v. City of Chi.*, 75 F.3d 318, 322 (7th Cir. 1996).

Under the Federal Rules of Civil Procedure, the plaintiff need only "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chi.,* 195 F.3d 950, 951 (7th Cir.1999). However, a plaintiff may not avoid dismissal simply by attaching bare legal conclusions to narrated facts that fail to support her claims. *Strauss v. City of Chi.*, 760 F.2d 765, 767–68 (7th Cir. 1984). The complaint must allege facts that sufficiently set forth the essential elements of a cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992). The court may consider all allegations made in the complaint as well as any attachments accompanying the complaint. Fed. R. Civ. P. 10(c).

## ANALYSIS

42 U. S. C. § 2000e-2(a)(1) makes it unlawful for any employer to, among other things, discharge an individual because of his race. Section 2000e(b) defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person . . .." Section 2000e(a) provides that the term "person" includes "individuals, governments, governmental agencies, political subdivisions . . .."

The Court of Appeals for the Seventh Circuit has held that the purpose of including the language "any agent of" an employer in the definition of "employer" was to ensure that courts would impose *respondeat superior* liability on employers for the acts of their agents.  *See*

*Williams v. Banning,* 72 F. 3d 552, 553 (7th Cir. 1995).  In *Williams* the court squarely held that Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* does not impose individual liability on supervisory employees of an employer.

The Court notes that Plaintiff does not challenge the Defendants' characterization of themselves as supervisory employees.  He states that the City of East Chicago, and not any of the three individual defendants, was his employer.  Because a supervisory employee does not, in his individual capacity, fall within Title VII's definition of employer, Plaintiff can state no set of facts which would enable him to recover against Defendants Pabey, Ramirez, and Gomez.

## CONCLUSION

In so far as the Plaintiff's complaint seeks to hold Defendants Pabey, Ramirez, and Gomez liable individually, their motion is **GRANTED**.  Defendants Pabey, Ramirez, and Gomez are **DISMISSED** as parties in this case.  The suit will continue against Defendant City of East Chicago.

SO ORDERED on December 4, 2007.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge
